UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5247

TIMOTHY WILLIAM BARTLETT, a/k/a
Harold C. Eller,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-94-87)

Submitted: November 30, 1995

Decided: May 14, 1996

Before WILKINSON, Chief Judge, and NIEMEYER and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Claire J. Rauscher, Charlotte, North Carolina, for Appellant. Wal-
ter C. Holton, Jr., United States Attorney, Scott P. Mebane, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Timothy William Bartlett pled guilty to mail fraud, 18 U.S.C.A. § 1341 (West Supp. 1995), and was sentenced to a term of 70 months imprisonment. He appeals his sentence, alleging that the government breached his plea agreement and that the district court clearly erred by finding him a leader in the offense, USSG § 3B1.1,[1] and by departing upward under USSG § 4A1.3, p.s. We affirm.

Bartlett obtained from obituary columns the names of boys who died very young, then obtained duplicate birth certificates which he used to create false identification documents. Bartlett would then either use the documents to open a checking account in the deceased person's name or have another person open such an account. The checks were used to buy merchandise which was later sold or "fenced" by Bartlett. The mail fraud occurred when one of the banks mailed checks for a fraudulently opened checking account to a post office box which Bartlett had opened in a false name. Bartlett was arrested after buying merchandise at a mall with fraudulent checks in the company of Bobby Lee Huff, a participant who had agreed to cooperate with authorities.

Bartlett's plea agreement provided that the government would make no recommendation as to the appropriate sentence. The probation officer recommended a finding that Bartlett was an organizer or leader in the offense and also recommended that the court consider an upward departure under USSG § 4A1.3 because Bartlett had 24 criminal history points. Bartlett objected to the role adjustment on the ground that he was only an "expert consultant" to the others involved. He also argued that some of his prior sentences were too old to be

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

assigned criminal history points because the instant offense began later than the date used by the probation officer.

At Bartlett's sentencing in March 1995, the case agent testified that the participants were Bartlett, Bobby Lee Huff, Fred Cline, Charles Hildebrand, and a few others.[2] Huff and Cline told the agent that it was Bartlett who obtained information from libraries and obituaries, used it to create false identification documents, gave the documents to others who opened checking accounts, and arranged for the sale of merchandise purchased with checks for the accounts. Bartlett purchased merchandise with Huff using fraudulent checks on the day of his arrest. A search of Bartlett's house resulted in the seizure of checks from another fraudulently opened account, a check writer and word processor used to fill out checks, and items purchased with fraudulent checks.

The district court found that Bartlett led the other participants in every aspect of the offense and that the leader adjustment was properly made. The district court found that Bartlett's criminal history score should be 19 points, rather than 24 points. Bartlett's attorney asked the court not to depart upward pursuant to USSG § 4A1.3. He argued that many of Bartlett's numerous convictions occurred when he was in his teens, that they were too old to be the basis of a departure, and that category VI did not significantly underrepresent the seriousness of his past criminal conduct.

The government attorney was not the one who had negotiated Bartlett's plea agreement. At this point, he urged the court to depart upward under § 4A1.3. When defense counsel pointed out that the government had agreed not to make a recommendation concerning the sentence, the government attorney said he had been unaware of that promise and asked the district court to disregard his argument. The court stated that it would completely disregard the argument.

Before the court imposed sentence, the government attorney again apologized for recommending a departure and again explained that he had not realized the plea agreement precluded any recommendation.

_____

**2** Two other persons were named in the presentence report as participants.

The court again stated that it would not consider the recommendation and stated, "I'm sure Mr. Placke [defense counsel] and I both agree that you would not have done that, had you any idea that that was in there." Defense counsel volunteered that he agreed entirely with the court. He said he had "no doubt that that was simply something that happened, and that happens when there is a switch of counsel."

After hearing Bartlett's personal statement, the district court decided that the guideline range of 41-51 months was inadequate because Bartlett's recidivism indicated that he had no intention of changing his lifestyle. The court decided that a departure to offense level 16 (46-57 months) was inadequate, as was offense level 17 (51-63 months). The court found that offense level 18, which yielded a guideline range of 57-71 months with category VI, was adequate and imposed a sentence of 70 months.

We find first that the plea agreement was not breached. The defendant bears the burden of showing by a preponderance of the evidence that the agreement has been breached, United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958 (1991), before he can lay claim to any remedy for the alleged breach. Bartlett did not assert in the district court that the agreement had been breached. Rather, his attorney conceded that the government had made a mistake and rectified it. However, Bartlett argues on appeal that the government breached the agreement when the mistaken recommendation was made and that he is entitled to specific performance, i.e., resentencing. Unlike the government attorney in United States v. Peglera, 33 F.3d 412 (4th Cir. 1994), who persisted in refusing to recommend a sentence at the low end of the guideline range despite an agreement to do so, the government attorney here immediately withdrew his recommendation for a departure when he realized that the plea agreement foreclosed any government recommendation. The government attorney repeatedly asked the district court not to consider what he had said, and stated that he would not have made the recommendation had he been aware of the provision forbidding it. Under these circumstances, the plea agreement was not breached. Therefore, Bartlett has already had specific performance of his plea agreement.

Next, we find no clear error in the district court's factual determination that Bartlett was a leader in the offense. See United States v.

4

Harriott, 976 F.2d 198, 202 (4th Cir. 1992) (role is factual question). Bartlett argues that there was no evidence he did more than explain how to conduct the fraud to others who then pursued it on their own. His argument is without merit because two unindicted participants, Huff and Cline, informed the case agent that Bartlett did most of the work of collecting information, creating false documents, and instructing the other participants about opening accounts in false names, and that Bartlett also arranged for fencing the merchandise which was fraudulently obtained. The district court was wary of depending solely on information provided by Huff and Cline, but it found their allegations supported by evidence found at Bartlett's residence, other evidence tying him to purchases with fraudulent checks, and the obituary clipping in his pocket when he was arrested with Huff. Taking all this evidence into account, the district court did not clearly err in finding that Bartlett was a leader in the offense rather than a consultant to others who were acting independently.

Finally, we find that the departure under USSG § 4A1.3 was not an abuse of discretion, see United States v. Hummer, 916 F.2d 186, 192 (4th Cir. 1990), cert. denied, 499 U.S. 970 (1991), and that the district court complied with our precedents in making the departure. When the district court departs upward to a higher criminal history category, it must consider each successively higher category and explain why it is inadequate before departing to the next category. United States v. Rusher, 966 F.2d 868, 884-85 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S. Oct. 13, 1992) (No. 92-5734). Bartlett contends that the court failed to comply with Rusher by giving no definite reason why a lesser departure was inadequate to punish his recidivism.

However, Rusher requires only that the district court consider each succeeding criminal history category, or offense level, see United States v. Cash, 983 F.2d 558, 561 n.6 (4th Cir. 1992), cert. denied, 61 U.S.L.W. 3773 (U.S. May 17, 1993) (No. 92-8142), and find it inadequate to reflect the seriousness of the defendant's criminal record before proceeding to the next category. The district court carefully complied with this requirement and found that each succeeding offense level and corresponding guideline range below offense level 18 were inadequate to reflect Bartlett's history of recidivism. The court thus complied with Rusher.

5

Moreover, the 3-level departure was not an abuse of discretion. Bartlett was thirty-six years old when he was sentenced. From age thirteen, Bartlett had engaged in various kinds of stealing which resulted in repeated convictions for larceny and breaking and entering and sentences exceeding one year, culminating in the instant offense, a more sophisticated form of stealing.

The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6