**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 00-4113

ANTHONY ANTONIO SMITH, a/k/a
Anthony Antonio Alexis Smith,
a/k/a Tony Smith,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-97-129)

Submitted: July 31, 2000

Decided: August 14, 2000

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. J. Rene Josey, United States Attorney, E. Jean Howard,
Assistant United States Attorney, Ann Agnew Cupp, OFFICE OF
THE UNITED STATES ATTORNEY, Greenville, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Antonio Smith appeals from his conviction and sentence for conspiracy to possess crack cocaine with the intent to distribute, and distribution of the same in violation of 21 U.S.C.A. § 846 (West 1999).* We affirm.

Smith raises three issues on appeal: (1) that the district court failed to advised him during his Fed. R. Crim. P. 11 hearing that he had the right to persist in his plea of not guilty; (2) that statements made by the Government in a hearing on his motion to withdraw his guilty plea were a factor in causing him to withdraw that motion; and (3) that he received ineffective assistance of counsel.

Addressing the first of Smith's claims, assuming that the district court's failure to specifically state that Smith had the right to persist in his plea of not guilty violated Rule 11, this court reviews for harmless error. See United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991). In conducting this review, the Court considers: (1) what the defendant actually knew when he pled guilty on the basis of an affirmative indication in the record; (2) what information would have been added to the defendant's knowledge by compliance with Rule 11; and (3) how the additional information would have affected the defendant's decision. See United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995) (citing United States v. Padilla, 23 F.3d 1220, 1222 (7th Cir. 1994)).

_____

*We have considered the effect of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), and find that, because Smith received sentences of imprisonment and terms of supervised release that did not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), no plain error occurred. See United States v. Aguayo-Delgado, No. 99-4098, 2000 WL 988128, at *6 (8th Cir. July 18, 2000).

Examining these elements, we find that several of the district court's statements and questions, and Smith's answers thereto, demonstrate that Smith knew that he had the right to persist in his plea of not guilty. This finding is supported by the facts that Smith did not raise this claim during his motion to withdraw his plea, during his remarks at sentencing, or on his prior appeal to this Court. In light of this, we find that a specific statement from the district court that Smith maintained the right to plead not guilty would not have affected Smith's decision. Accordingly, we find any error harmless.

Smith next asserts that the Government's questions and statements during his motion to withdraw his plea induced him to withdraw that motion, apparently by leading him to believe that the Government would file a motion for reduction in his sentence under Fed. R. Crim. P. 35. It is well established that a government promise which is part of the inducement for a guilty plea must be fulfilled. See Santobello v. New York, 404 U.S. 257, 262 (1971). In determining whether a plea has been wrongfully induced, it is important to remember that the government is only held to those promises that it actually made. See United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994). Smith, however, does not assert at this time that his plea was induced by the Government, but rather that his withdrawal of his motion to withdraw his plea was so induced. Rule 32 (e) of the Federal Rules of Criminal Procedure does not provide a defendant an absolute right to withdraw a guilty plea, even before sentencing. See Fed. R. Crim. P. 32(e); United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir. 1987).

Examining this specific claim, we note that in withdrawing his withdrawal motion, Smith specifically stated that no one had influenced him in his decision. Moreover, in this same hearing, the district court stated, "I understand that there is a possibility that there will be a [Rule 35] motion filed later?" (J.A. at 104 (emphasis added).) Smith made no remark in response to this statement even though the district court shortly thereafter inquired if there was,"[a]nything you wish to tell me?" (J.A. at 104.) In light of these statements and omissions, we find Smith's current claim to be without merit.

Finally, Smith contends that he received ineffective assistance of counsel because his attorney: (1) failed to object to a statement in the presentence report that "[t]he probation officer has no information

3

concerning the offense or the offender which would warrant a departure from the prescribed sentencing guidelines" (J.A. at 128); and (2) did not move to compel the Government to make a motion for a substantial assistance reduction. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, such a claim must be brought in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000). See United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). Such a claim may be brought, however, when the record conclusively establishes ineffective assistance. See King, 119 F.3d at 295. Review of the record in this appeal does not conclusively establish such ineffective assistance.

In light of the foregoing determinations, we affirm Smith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4