UNITED STATES of America,
Plaintiff–Appellee,

v.

Miguel PEGLERA, Defendant–Appellant.

No. 93–5939.

United States Court of Appeals,
Fourth Circuit.

Argued July 20, 1994.

Decided Sept. 1, 1994.

George Bullock Currin, Raleigh, NC, argued, for appellant.

John S. Bowler, Asst. U.S. Atty., Raleigh, NC, argued (Janice McKenzie Cole, U.S. Atty., Christine B. Hamilton, Asst. U.S. Atty., on brief), for appellee.

Before WILKINSON and WILKINS, Circuit Judges, and ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.

Vacated and remanded by published opinion. Judge WILKINSON wrote the opinion, in which Judge WILKINS and Judge ANDERSON joined.

OPINION

WILKINSON, Circuit Judge:

The question in this case is whether the government violated the terms of appellant's plea agreement, thereby requiring us to remand the case for specific performance of that agreement. Because the government failed to honor promises that were expressly stated in the plea agreement, we vacate appellant's sentence and remand the case for resentencing.

I.

On March 24, 1993, a federal grand jury returned a nine-count indictment against appellant Miguel Peglera and five other defendants. Peglera was charged with one count of conspiracy to distribute and possess with intent to distribute cocaine base, *see* 21 U.S.C. §§ 841(a)(1) & 846, and two counts of possession with intent to distribute cocaine base, *see* 21 U.S.C. § 841(a)(1). Pursuant to a written plea agreement, Peglera entered a plea of guilty to the conspiracy count on August 23, 1993. In exchange for the guilty plea, the agreement provided that the government would dismiss the two possession counts against Peglera and recommend a sentence at the low end of the guideline range. The agreement also stated that, barring a change of circumstances due to defendant's conduct, a three-level downward adjustment for Peglera was warranted under § 3E1.1 of the Sentencing Guidelines for acceptance of responsibility, and an enhancement for an aggravating role in the offense under U.S.S.G. § 3B1.1 was not warranted.

Also of importance to this appeal, the agreement provided that

> defendant ... reserves the right to argue at sentencing that the Schedule II narcotic controlled substance for which he should be held accountable is cocaine hydrochloride [powder cocaine] and reserves the right to appeal an adverse ruling on this issue.

Peglera was sentenced by the district court on November 23, 1993. At the sentencing hearing, he testified that although he had seen cocaine base being cooked on at least one occasion, he personally distributed only powder cocaine. After the court overruled Peglera's objections on this point, Peglera argued that he should be sentenced at the low end of the guideline range. In doing so, he noted that the government had agreed to recommend such a sentence.[1]

The government first responded to appellant's request by claiming that it "did not agree to recommend the lowest end of the guidelines." In fact, when asked by the court whether the plea agreement stated that Peglera should get a sentence at the low end of the range, the prosecutor responded that "there's nothing in the plea agreement." The government further argued that although it had agreed to a three-level reduction for acceptance of responsibility, it now opposed that reduction because Peglera's testimony at sentencing indicated that he had not accepted responsibility for participation in the conspiracy.

At the conclusion of the government's statement, the court explained that:

> [T]he plea agreement before me says the government agrees, at sentencing, it will dismiss counts six and seven of the indictment [the possession counts], as to this defendant only [and] that it agrees to recommend a sentence at the low end of the guideline range.

The government responded by arguing that it was no longer bound by the terms of the plea agreement—including the requirement that it recommend a sentence at the low end of the guideline range—as a result of Peglera's testimony. The government maintained that Peglera's testimony was, based on all the evidence, incorrect, and thus that circumstances had changed so as to excuse the government's performance of its obligations under the agreement. The court decided to grant Peglera the three-level reduction for acceptance of responsibility and sentenced him to 212 months imprisonment, a point at the middle of the guideline range. Peglera now appeals, maintaining that the government's breach of the plea agreement entitles him to a new sentencing.

## II.

■ It is well-established that the interpretation of plea agreements is rooted in contract law, and that "each party should receive the benefit of its bargain." *United States v. Ringling*, 988 F.2d 504, 506 (4th Cir.1993). A central tenet of contract law is that no party is obligated to provide more than is specified in the agreement itself. Accordingly, in enforcing plea agreements, the government is held only to those promises that it actually made to the defendant. *See United States v. Fentress*, 792 F.2d 461, 464 (4th Cir.1986). This court has previously noted that the government's duty in carrying out its obligations under a plea agreement is no greater than that of "fidelity to the agreement." *Id.* at 464.

The obvious corollary to the above principle is that the parties must live up to those promises which they do make. This is especially important when the contract is a plea agreement, since the government's performance of its obligations implicates the defendant's constitutional rights. *See United States v. Harvey*, 791 F.2d 294, 300 (4th Cir.1986). As the Supreme Court has explained, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). Indeed, a defendant's plea of guilty can truly be said to be

---

1. Appellant requested that the court sentence him to 188 months imprisonment. Given Peglera's offense level of 35, and criminal history category of II, the guideline range applicable to him at sentencing was 188 to 235 months. *See* United States Sentencing Commission, *Guidelines Manual*, Ch. 5 Pt. A (Nov. 1993).

voluntary only when "the bargain represented by the plea agreement is not frustrated." *United States v. Jureidini,* 846 F.2d 964, 965–66 (4th Cir.1988). Because a government that lives up to its commitments is the essence of liberty under law, the harm generated by allowing the government to forego its plea bargain obligations is one which cannot be tolerated.

## III.

■ Peglera maintains that the government breached the plea agreement by failing to recommend a sentence at the low end of the guideline range. Peglera points to a provision in the plea agreement stating that "[t]he Government agrees ... to recommend a sentence at the low end of the guideline range." Given the express inclusion of this term in the plea agreement, there would seem to be little question that the government's arguments at sentencing constituted a breach.

When faced with the district court's recognition of the term cited above, the government first responded by denying its existence. Now that the provision's inclusion in the agreement has been acknowledged, the government presents two arguments as to why resentencing is not required. First, the government contends that since the district court was already well aware of the plea bargain, the government's failure to recommend a sentence at the low end of the guideline range had no effect on the ultimate middle-range sentence. This argument is without merit. In *Santobello,* the Supreme Court remanded the case for resentencing even though the sentencing judge stated that he was not influenced by the prosecutor's violation of the plea bargain. *See Santobello,* 404 U.S. at 262, 92 S.Ct. at 499. Courts have held that resentencing is required under *Santobello* regardless of the judge's awareness of the government's "real" position as indicated in the plea agreement. *See, e.g., United States v. Kurkculer,* 918 F.2d 295, 302 (1st Cir.1990). Accordingly, the district court's understanding of the plea agreement's actual terms will not excuse the government's failure to live up to its end of the bargain.

Second, the government contends that Peglera's perjured testimony at the sentenc-

ing hearing relieves it of its obligations under the agreement. The government asserts that Peglera's testimony regarding his lack of knowledge of the conspiracy's methods was inconsistent with the evidence the government had collected from other cooperating witnesses. In particular, Peglera testified that all of the cocaine he distributed for the conspiracy was in powder form, while other witnesses indicated Peglera's involvement in the distribution of crack cocaine. The government notes language in the plea agreement stating that it would no longer be bound by the agreement if Peglera gave false testimony or if his conduct constituted a change in the circumstances prior to sentencing.

While this argument has considerable force in the abstract, it runs afoul of this particular agreement's terms. Here the agreement expressly reserved Peglera's right to argue that "the Schedule II narcotic controlled substance for which he should be held accountable is cocaine hydrochloride [powder cocaine]." Similarly, more than two months before the sentencing hearing, Peglera's counsel sent a letter to the Assistant United States Attorney stating:

> As you may recall, my client, Miguel Peglera, has maintained during interviews that he delivered powder cocaine to Derek Davis, as opposed to crack, on approximately 3–4 occasions. Given the fact that Derek Davis has indicated the substance was crack, my client has requested that he be allowed to submit to a polygraph examination on this issue prior to sentencing.·

Furthermore, at the August 23, 1993, plea hearing, the government itself acknowledged that Peglera had reserved the right to dispute his responsibility for cocaine base. For the government to now claim that appellant's testimony at sentencing constituted changed circumstances sufficient to relieve the government from its plea bargain obligations is both manifestly unfair and a clear violation of the plea agreement's terms. Had the government suspected that Peglera's testimony would be false, it never should have agreed to the reservation of rights in the plea agreement. As a result, the government's assertion at sentencing that Peglera was responsible for crack cocaine is insufficient to excuse the government's obligation to recommend a

sentence at the low end of the range once the factual dispute regarding the attributable form of cocaine was resolved.

### IV.

Because of the government's breach of the plea agreement, we grant appellant the requested specific performance and remand this case for resentencing. At the new sentencing, the government is required to satisfy its obligations under the agreement. We remand the case to a different district judge for resentencing as we are required to do. *See United States v. Brown*, 500 F.2d 375, 378 (4th Cir.1974); *see also Santobello*, 404 U.S. at 263, 92 S.Ct. at 499.

We emphasize that our decision is in no way a reflection on the trial judge, who handled the case admirably under the circumstances. We further believe that the government inadvertently breached the plea agreement rather than acting in bad faith. The fact remains, however, that appellant failed to receive the benefit of his bargain. Accordingly, his sentence is vacated and this case remanded to a different district judge for resentencing.

*VACATED AND REMANDED.*