**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5337

ARMON O'NEAL BEAVERS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5338

LARRY THOMAS WILLIAMS,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Abingdon.
Samuel G. Wilson, District Judge.
(CR-92-46)

Argued: March 5, 1996

Decided: April 8, 1996

Before RUSSELL and WIDENER, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Birg Eugene Sergent, Pennington Gap, Virginia, for Appellant Beavers; Dennis Eugene Jones, Lebanon, Virginia, for Appellant Williams. Julie C. Dudley, Assistant United States Attorney, Roanoke, Virginia, for Appellee. **ON BRIEF:** Robert P. Crouch, Jr., United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Armon O'Neal Beavers and Larry Thomas Williams entered into plea agreements with the United States Attorney for the Western District of Virginia. Williams pled guilty to Count 1 in the indictment which charged conspiracy to distribute or to possess with intent to distribute cocaine. Beavers' plea was to conspiracy to distribute or possess with intent to distribute and possession of an unregistered firearms silencer in violation of 26 U.S.C.§§ 5861(d) and 5871. Beavers was sentenced to serve 135 months on Count 1 and 120 months on Count 2 with the sentences to run concurrently. The government filed a motion for a downward departure as to Williams based upon his substantial assistance. The district court sentenced him to 100 months and took under advisement the downward departure motion. Later the court reduced this sentence to 48 months.

Both defendants appealed to this court claiming that the prosecutor violated their respective plea agreements by failing to make the required sentencing recommendations. In an unpublished opinion filed January 18, 1995, this court vacated both sentences and remanded for resentencing, because we found that the prosecutor neglected to recommend to the district court that Beavers be sentenced at the low end of the guideline range as required by his plea

2

agreement. As to Williams, the prosecutor recommended the district court sentence Williams at the low end of the guideline range but did not recommend to the district court that Williams receive a sentence of 24 months as required by his plea agreement.

At the resentencing hearing held on April 24, 1995, Beavers was resentenced to 108 months and Williams sentenced to 48 months. Each defendant appeals claiming that the government still has not lived up to its commitments under the plea agreements. Beavers contends that he bargained in good faith for a substantial assistance reduction and complied with it so far as he was able. Williams contends that the government only partially lived up to the agreement because the prosecutor did not make the sentencing court aware of the value of the information given by Williams.

We find no merit in either appeal, and we affirm both sentences.

I.

Beavers contends that he provided substantial assistance by advising the government of the location of a boat and property which was forfeited to the government. He contends that he was never given the opportunity to provide further information and was thereby denied his right to provide substantial assistance to the government as provided by the plea agreement. This claim is totally lacking in merit. We stated in the prior opinion, "We have reviewed the record and find that the prosecutor did not violate the plea agreement in this respect, because Beavers had not provided substantial assistance." The forfeiture of the boat and the property was not substantial assistance because it was required by the plea agreement. As to his claim that he was never debriefed by federal agents, he admitted to the district court at his resentencing that he had not volunteered any information to the government and had made no attempt to contact the government or to let the government know what information he had that it could use.

The government lived up to its side of the bargain. Beavers was allowed to plead guilty to only two of a ten count indictment. He received a stipulation as to the drug weight, that he was not a leader or organizer, that he was entitled to a three level credit for acceptance

3

of responsibility and that he be sentenced at the low end of the guidelines. He was given the opportunity to provide substantial assistance. This opportunity does not place an obligation upon the government to debrief him or to seek out information. He is the one seeking the downward departure, and he has the obligation to provide the information. At the resentencing in April 1995, he was again given this opportunity and nothing of value was forthcoming. There was no breach of the agreement by the government in this respect.

II.

Williams argues that the government breached its plea agreement at the resentencing by failing to advise the court of the full nature and extent of his assistance so the court could determine the appropriate downward departure. He asserts that the prosecutor was not sufficiently enthusiastic in making the motion.

Williams relies upon United States v. Brown, 500 F.2d 375 (4th Cir. 1974), but Brown is not applicable to the present facts. In Brown a prosecutor, other than the one who made the plea agreement, attended the sentencing hearing and made remarks indicating his reservations about the agreement to which the government had committed itself. In the present case, the prosecutor did everything that the agreement required of him. This case is governed by United States v. Benchimol, 471 U.S. 453 (1985), which holds that unless the government in the plea agreement binds itself to "enthusiastically" recommend to the sentencing court or to explain to the court its reasons for making the recommendation, there is no obligation on the part of the government to do so.

If a defendant wants enthusiasm from the prosecutor, this is something to be bargained for and included in the agreement.

Williams' guideline range was 100 to 125 months, and as a result of the government's motion, this was reduced to 48 months. The sentencing judge understood the government's motion for a downward departure to 24 months, but the court specifically found that Williams' substantial criminal record persuaded the court that a reduction of 24 months was not warranted.

4

III.

Both appellants contend that when these cases were remanded for resentencing, we should have directed that a different district judge conduct the resentencing, and assert that <u>Santobello v. New York</u>, 404 U.S. 257 (1971) and <u>United States v. Peglegra</u>, 33 F.3d 412 (4th Cir. 1994) require a different judge. Such action is not required on the present facts. In <u>Santobello</u> and <u>Peglegra</u>, the prosecutor made recommendations directly contrary to the terms of the plea agreements at the sentencing hearings. But, in the present cases we found that the prosecutor had inadvertently neglected to recommend that Beavers be sentenced at the low end of the guidelines and that Williams receive a 24 month sentence. There has been no finding that the prosecutor violated either plea agreement and the cases were not remanded on this basis, so it was unnecessary to bring in a new judge.

For the reasons stated above, the sentences of both appellants are

<u>AFFIRMED</u>.

5