**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 97-4141

RANDY SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CR-96-327-4)

Submitted: March 3, 1998

Decided: April 6, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas E. Mosley, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Beth Drake, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Randy Smith appeals his sentence imposed after he pleaded guilty pursuant to a written plea agreement to conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C.§ 846 (1994). Finding no error, we affirm.

On appeal, Smith contends that the district court erred in applying a three-level offense level enhancement for his role in the offense without first hearing any evidence at the sentencing hearing to support such an enhancement. Smith also contends that the Government breached the plea agreement by presenting facts to the court at the sentencing hearing which were not included in the plea agreement stipulations.

I.

Smith initially objected to his presentence investigation report's (PSR's) recommendation that he deserved a three-level role enhancement under USSG § 3B1.1(b) for being a manager or a supervisor in a criminal enterprise. He objected on the ground that he only supervised one person. Smith withdrew this objection at the sentencing hearing. Smith did not object to his presentence report on the ground he now raises, that the government had not alleged (or proved) that the drug ring in which he was involved had five or more people (as required by § 3B1.1(b)). Due to his failure to object on this ground, the government did not offer evidence (as it was prepared to do via testimony at sentencing) that the ring involved more than five people. Rather, it rested on the facts alleged in the presentence report, which suggested that at least five persons were involved in Smith's drug operation and that Smith supervised three of these persons. Under the circumstances, we conclude that the district court did not plainly err in accepting the conclusions of the presentence report and in not requiring additional proof from the government at sentencing.

II.

Because Smith did not claim that the Government breached the plea agreement in the district court, this court reviews this claim for

2

plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997).

In the plea agreement, the parties stipulated that Smith was involved in the distribution of between 150 and 500 grams of crack cocaine, resulting in a base offense level of thirty-four under the U.S. Sentencing Guidelines Manual § 2D1.1 (1995). However, the plea agreement states that Smith understands that the stipulations are not binding on the court or the probation office, and that if the district court does not accept the stipulations, Smith has no right to withdraw his plea. The plea agreement also provides that the Government retains the right to inform the court of any relevant facts, to address the court regarding the nature of the offense, to respond to the court's questions, and to respond to statements made to the court by or on behalf of Smith.

Consistent with the plea agreement, the PSR set Smith's base offense level at thirty-four and recommended that he receive a three-level increase for his role in the offense. However, the PSR recommended several additional adjustments, including a two-level increase under USSG § 2D1.1(b)(1) for possession of a dangerous weapon, a two-level increase for obstruction of justice under USSG § 3C1.1 (1995), and a three-level decrease for acceptance of responsibility under USSG § 3E1.1. The adjustments resulted in a total offense level of thirty-eight.

At the sentencing hearing, Smith objected to the adjustments in the PSR and offered arguments against them. The Government replied by arguing in support of the increases and supplied the court with facts outside of the plea agreement supporting the increases. The court adopted the factual statements and the recommendations in the PSR and set Smith's offense level at thirty-eight.

The Government did not break any promises it made in Smith's plea agreement when it provided the court with information relevant to sentencing. The Government explicitly reserved the right to provide the court with other information relevant to sentencing, and to respond to statements made by or on behalf of Smith. Therefore, the Government did not breach the plea agreement. See United States v. Gordon, 61 F.3d 263, 267-68 (4th Cir. 1995); United States v.

3

Peglera, 33 F.3d 412, 413-14 (4th Cir. 1994); United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986); see also USSG § 6B1.4(d) & comment. (1995).

We affirm Smith's sentence. We deny Smith's motion to file a supplemental pro se brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4