**PUBLISHED**

Filed: July 21, 2004

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                    No. 02-4844

AGNES HOLBROOK,
                    *Defendant-Appellant.*

---

### ORDER

Appellant filed a petition for rehearing and rehearing en banc.

Judges Williams and Duncan voted to deny the petition for rehearing, and Judge King voted to grant panel rehearing.

A member of the Court requested a poll on the petition for rehearing *en banc*. Judges Widener, Niemeyer, Michael, Motz and King voted to grant rehearing *en banc*. Chief Judge Wilkins and Judges Wilkinson, Luttig, Williams, Traxler, Gregory, Shedd, and Duncan voted to deny rehearing *en banc*.

The petition for rehearing is denied, and, because the poll on rehearing *en banc* failed to produce a majority of judges in active service in favor of rehearing *en banc*, the petition for rehearing *en banc* is also denied. Judge King wrote an opinion dissenting from the denial of rehearing *en banc*.

For the Court

/s/ Patricia S. Connor
Clerk

KING, Circuit Judge, dissenting from denial of rehearing *en banc*:

For the reasons set forth in my dissent from the opinion of the panel majority, *United States v. Holbrook*, 368 F.3d 415, 426-33 (4th Cir. 2004), I now dissent from the court's denial of *en banc* consideration of this appeal. I write again to further emphasize my view that this case presents an issue of exceptional importance warranting such consideration, in that the opinion of the majority threatens the integrity of the criminal justice process in this Circuit.

The relevant facts underlying this appeal — the terms of the Plea Agreement written by the Government — undermine the ruling of the majority. The only provision of the Agreement under which the Government was entitled to proceed to trial provides that, in the event of a breach by Holbrook, the Government may "declare this Agreement void and proceed to trial." In authorizing the Government to hold Holbrook to her guilty plea on Count One while nonetheless proceeding to trial on Count Two, the panel majority simply rewrote the Agreement to facilitate its ruling — something a court must not do. It has thereby contravened elementary principles applicable to plea agreements, and it has disregarded precedent.

Our Court has, until today, consistently adhered to the principle that a government that abides by its commitments "is the essence of liberty under law, [and] the harm generated by allowing the government to forego its plea bargain obligations is one which cannot be tolerated." *United States v. Peglera*, 33 F.3d 412, 414 (4th Cir. 1994). Consistent therewith, if our criminal justice system is to function properly and efficiently, the Government must abide by its commitments, its word must be its bond, and deviations therefrom cannot be countenanced. While the panel majority purports to recognize these applicable principles, *see Holbrook*, 368 F.3d at 420 (citing relevant precedent from our Circuit), it merely cites them in passing, ignoring the substance of our precedent altogether. *En banc* consideration of Ms. Holbrook's appeal is thus warranted in order to maintain uniformity in the decisions of our Circuit. *See* Local Rule 35(a) (en banc consideration appropriate in order to "maintain uniformity of the court's decisions"); *see also Spicer v. Va. Dep't of Corrs.*, 66 F.3d 705, 711 n.* (4th Cir. 1995) (en banc).

In sum, the panel majority has contravened settled precedent, authorizing and permitting the Government to renege on its obligations. Our failure to award *en banc* consideration sends the wrong message — that this Court will not compel the Government to uphold its obligations to criminal defendants and to the judiciary. This is both unfortunate and deeply disappointing, and I respectfully and strenuously dissent.