**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4137**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUCAS DONELL GREEN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, Chief District Judge.  (CR-04-58)

Submitted:  December 21, 2005        Decided:  January 18, 2006

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lucas Donell Green pled guilty to armed bank robbery and use, carry, and possess a firearm in connection with a crime of violence. Green and the Government stipulated to a number of sentencing factors. The district court sentenced Green to a total of 130 months incarceration. On appeal, Green contends that the Government breached the plea agreement by presenting testimony and argument in favor of an enhancement to his sentence for the taking of the security guard's firearm during the bank robbery. Green contends that, because this was not a stipulated sentencing factor, the Government was barred by the plea agreement from arguing in favor of the enhancement. We agree with the district court that there was no breach of the plea agreement and therefore affirm Green's sentence.

"It is well—established that the interpretation of plea agreements is rooted in contract law, and that 'each party should receive the benefit of its bargain.'" United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (quoting United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993)). The plea agreement between the Government and Green provided that the memorandum of plea agreement contained the entirety of the agreement between the parties and that there existed no other agreements or terms. The agreement listed the sentencing factors to which the parties stipulated. The agreement also required the Government to recommend that Green be

sentenced at the low end of the guideline range and to advise the court about Green's cooperation. There was no agreement limiting the parties from arguing about the applicability of other sentencing factors.

Green argues that he relied on the Government's stipulation to some sentencing factors to mean that it would not argue for other increases. Because the plea agreement did not limit the Government or the Defendant from arguing any sentencing factor other than those to which the parties stipulated, the Government's introduction of evidence in support of the one-level increase for the taking of the security guard's firearm did not amount to a breach of the plea agreement. See United States v. Fentress, 792 F.2d 461, 464-65 (4th Cir. 1986) ("While the government must be held to promises it made, it will not be bound to those it did not make."); see also United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000) (discussing defendant's burden to establish breach of plea agreement by preponderance of evidence).

Accordingly, we affirm the district court's determination that there was no breach of the plea agreement and therefore affirm Green's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED