**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4280**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SCHOLAR MCGLEN JEFFERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, Chief District Judge. (CR-04-19)

Submitted: October 21, 2005          Decided: March 7, 2006

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Public Defender, Windy C. Venable, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Scholar Jefferson, pursuant to a plea agreement, pled guilty to possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) (2000), and using a firearm in connection with drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A) (2000). The plea agreement stipulated to a drug quantity of 1,030.7 grams of cocaine and 17.8 grams of cocaine base. At sentencing, the district court found Jefferson responsible for 2,561.6 grams of cocaine. Jefferson objected to that drug quantity. The district court denied Jefferson's objections and sentenced him to 130 months' imprisonment.

On appeal, Jefferson asserts that he is entitled to resentencing because the Government breached the plea agreement.[*] In response, the Government has commendably moved for remand, conceding that it undermined the plea agreement's stipulation as to drug quantity by making comments that could be construed as suggesting that a greater drug quantity finding than that set forth in the plea agreement would be appropriate.

Jefferson does not oppose a remand for the purpose of resentencing. We grant the Government's motion to remand. "We remand the case to a different district judge for resentencing as we are required to do." United States v. Peglera, 33 F.3d 412,

---

[*]Jefferson does not challenge his guilty plea or otherwise attack the integrity of his convictions.

413, 415 (4th Cir. 1994) (citing <u>Santobello v. New York</u>, 404 U.S. 257, 263 (1971)).  Therefore, we affirm Jefferson's conviction, vacate the sentence imposed by the district court, and remand for reconsideration of the sentence by a different judge.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>