**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4287**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

CHARLES G. FAGAN,

                                        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CR-
04-197-CCB)

———————————

Submitted:  June 30, 2006            Decided:  July 20, 2006

———————————

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William Ray Ford, Camp Springs, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Steven H. Levin, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Charles Fagan pled guilty to making false, fictitious, and fraudulent claims against the United States, in violation of 18 U.S.C. § 287 (2000), making false statements, in violation of 18 U.S.C.A. § 1001 (West 2000 & Supp. 2006), two counts of mail fraud, in violation of 18 U.S.C.A. § 1341 (West Supp. 2006), and bank fraud, in violation of 18 U.S.C. § 1344 (2000). The district court sentenced him to a total of forty-two months of imprisonment. Fagan appeals his convictions, asserting that the district court erred by denying his motion to withdraw his guilty plea, that his guilty plea was unknowing and involuntary, and that the Government breached the plea agreement. We affirm.

Fagan asserts that the district court erred by denying his motion to withdraw his guilty plea. Specifically, he contends that counsel provided ineffective assistance by informing him that there were insufficient funds to proceed to trial, which rendered his plea involuntary.* We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in denying Fagan's motion to withdraw his guilty plea. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

Next, Fagan contends that his plea was not made knowingly and voluntarily because the district court failed to inform him

---

*Fagan also contends that the district court erred by crediting former counsel's affidavit over his own. We find no merit to this contention.

- 2 -

that the Government had to prove each element of each offense charged beyond a reasonable doubt. Allegations of violations of Rule 11 of the Federal Rules of Criminal Procedure are reviewed for plain error where, as here, Fagan did not rely on this ground when he moved to withdraw his guilty plea in the district court. United States v. Vonn, 535 U.S. 55, 59 (2002) (holding that challenge to denial of motion to withdraw guilty plea based on ground not raised in district court reviewed for plain error). Our review of the transcript of the plea colloquy convinces us that Fagan knowingly and voluntarily entered his plea. See United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991) (according "deference to the trial court's decision as to how best to conduct the mandated [Rule 11] colloquy with the defendant").

Finally, Fagan asserts that the Government breached the plea agreement by arguing at sentencing that the amount of the intended loss exceeded $1,000,000 when the plea agreement contained a stipulation that the amount of intended loss was between $400,000 and $1,000,000. We review this claim for plain error and find none because Fagan received the benefit of his bargain by being sentenced in accordance with the stipulation in the plea agreement. See United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005) (discussing plain error standard of review); United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (stating that court interprets plea agreements according to contract law and "each

party should receive the benefit of its bargain") (internal quotation marks and citation omitted).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED