**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4377**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEITH BROWN, a/k/a Clown,

Defendant - Appellant.

_____

**No. 06-4640**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEANDRE MYERS,

Defendant - Appellant.

_____

Appeals from the United States District Court for the District of
Maryland, at Baltimore. J. Frederick Motz, District Judge. (1:04-
cr-00240-JFM-2; 1:04-cr-00240-JFM-1)

_____

Submitted:  March 7, 2007          Decided:  April 27, 2007

_____

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Emanuel M. Levin, EMANUEL M. LEVIN & ASSOCIATES, P.A., Baltimore, Maryland; William B. Purpura, Jr., LAW OFFICE OF WILLIAM B. PURPURA, Baltimore, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Keith Brown and Deandre Myers pled guilty to conspiracy to distribute and possess with intent to distribute cocaine. Brown claims his sentence at the low end of the properly calculated sentencing guidelines was unreasonable. Myers claims the district court erred by not granting his motion to dismiss the indictment. Find no error, we affirm.

At Brown's sentencing, the district court properly arrived at his range of imprisonment under the advisory sentencing guidelines. The court also considered the statutory sentencing factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). "[A] sentence imposed 'within the properly calculated Guidelines range . . . is presumptively reasonable.'" United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) (quoting United States v. Newsom, 428 F.3d 685, 687 (7th Cir. 2005), cert. denied, 2006 WL 271816 (2006) (first alteration added)). We will affirm a sentence if it is both reasonable and within the statutorily prescribed range. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). We find the sentence reasonable.

Myers claims the Government breached a plea agreement filed in a state case. The terms of the plea agreement are reviewed de novo. See United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Plea agreements are interpreted according to

contract law, and "'each party should receive the benefit of its bargain.'" <u>United States v. Peglera</u>, 33 F.3d 412, 413 (4th Cir. 1994) (quoting <u>United States v. Ringling</u>, 988 F.2d 504, 506 (4th Cir. 1993)). We find according to the terms of the plea agreement that the Government was not under any obligation to establish that Myers breached the agreement prior to his sentencing on his state conviction or prior to issuing the indictment. We further find the Government did not waive its right to claim Myers breached the agreement by not raising such claim prior to his sentencing on his state conviction.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>