**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4010**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NATHANIEL PRINCE KIRK,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Robert J. Conrad, Jr., Chief District Judge. (5:04-cr-00055)

Submitted: September 26, 2007          Decided: November 8, 2007

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Trevor M. Fuller, FULLER & BARNES, LLP, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Prince Kirk pled guilty pursuant to a plea agreement to armed bank robbery, in violation of 18 U.S.C. § 2113(d) (2000), and using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2007). In the plea agreement, the parties agreed not to seek any Sentencing Guidelines enhancements under Chapter Two with the exception of several not relevant to this appeal. The plea agreement also noted there was a statutory consecutive sentence of not less than five years' imprisonment for the firearm charge. At sentencing, the district court imposed two Chapter Two enhancements that raised Kirk's offense level. The court also imposed a seven-year minimum sentence for the firearm conviction based on the finding that Kirk brandished the weapon. Kirk claims the plea agreement was violated as a result of these actions by the district court. Finding no error, we affirm.

Because plea agreements are interpreted as contracts, the Government is held only to promises that it actually made to the defendant. See United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994); United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986). Neither the sentencing court nor the Probation Office is bound by the terms of the plea agreement. Rather, the court may impose any sentence it finds appropriate within the guidelines

range and may consider the results of the presentence investigation report ("PSR") together with any relevant information in determining the sentence. See United States v. Gordon, 61 F.3d 263, 268 (4th Cir. 1995). Because the plea agreement stated that the sentence was determined at the district court's discretion and that the court could consider any relevant information, the court could consider the enhancements noted but not applied in the PSR. Id. at 266-68. By accepting the plea agreement, Kirk left open the possibility that the court could consider Chapter Two enhancements and an increased statutory seven-year sentence for the firearm conviction even if the Government did not advocate for enhancements or the increased statutory minimum sentence. Kirk also declined the opportunity to withdraw his guilty plea after learning that if found guilty at trial, he faced an even longer sentence.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED