**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-5060**

_____

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

DESMOND AARON GREENE,

　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.   Robert J. Conrad,
Jr., Chief District Judge.   (3:06-cr-00169-RJC-1)

_____

Submitted:  September 25, 2008      Decided:  December 12, 2008

_____

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

David Q. Burgess, LAW OFFICE OF DAVID Q. BURGESS, Charlotte,
North Carolina, for Appellant.  Gretchen C. F. Shappert, United
States Attorney, Adam Morris, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Desmond Aaron Greene appeals his 21-month sentence after pleading guilty to conspiracy to defraud the United States by uttering and dealing in counterfeit obligations or securities, in violation of 18 U.S.C. § 371 (2000) (Count One), and obstruction of justice, in violation of 18 U.S.C. § 1512(c)(1) (2000) (Count Five). Greene contends the Government breached the terms of his plea agreement by presenting testimony and argument in support of an eight-level offense level enhancement on Count Five for threatening to cause physical injury in order to obstruct justice, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2J1.2(b)(1)(A) (2006). Greene claims the Government agreed to recommend, pursuant to Fed. R. Crim. P. 11(c)(1)(B), an offense level of 14 and that it reasserted this stipulation during the plea hearing.[1]

The Government agrees with Greene that its presentation of evidence in support of the enhancement after erroneously representing that the "adjusted offense level" was also 14 constituted a breach of the agreement. In light of the

---

[1] Additionally, Greene contends the district court erred in imposing the enhancement because USSG § 2J1.2(b)(1)(A) requires a threat to cause injury, not merely an attempt to cause injury. However, in light of the Government's concessions, it is not necessary for the court to address this claim.

Government's concession, without reaching the merits of Greene's argument, we vacate Greene's sentence and remand the case for resentencing. Consistent with our past practice in such circumstances, we remand the case to a different district court judge for resentencing.[2] Finally, Greene's motion to expedite decision in this case is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2]See United States v. Peglera, 33 F.3d 412, 415 (4th Cir. 1994) (citing United States v. Brown, 500 F.2d 375, 378 (4th Cir. 1974)).