**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4740**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KENNETH MICHAEL HOFFMAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (5:07-cr-00341-FL-1)

Submitted: June 3, 2009          Decided: June 25, 2009

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Richard Croutharmel, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Michael Hoffman appeals his 134-month sentence following a guilty plea to one count of possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006); he does not challenge his concurrent 120-month sentence upon his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). The Government concedes--and our review of the record confirms--that the Government breached the terms of its plea agreement with Hoffman by opposing a downward departure for acceptance of responsibility under U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1 (2007). The parties agree that Hoffman's sentence should be vacated and the case remanded for resentencing.

Accordingly, we vacate the sentence and remand to the district court for resentencing before a different district judge.[*] See United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997) (directing remand for resentencing before a different sentencing judge after breach of plea agreement); United States v. Peglera, 33 F.3d 412, 415 (4th Cir. 1994) (same). In view of this resentencing, we decline to address whether the

---

[*] This result is in no way a reflection on the able sentencing judge, but is dictated by our prior precedent in such cases.

2

extent of the reduction of Hoffman's sentence pursuant to USSG § 5K1.1 was an abuse of discretion. We grant Hoffman's motion to withdraw the first argument contained in his appellate brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>