**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4167**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

CHET PAJARDO,

       Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:04-cr-00323-WDQ-13)

Submitted: September 29, 2009    Decided: November 4, 2009

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Lawlor, Andrew R. Szekely, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant. John Walter Sippel, Jr., Assistant United States Attorney, Jason M. Weinstein, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chet Pajardo pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006). In accordance with the negotiated term of imprisonment detailed in the supplemental plea agreement, see Fed. R. Crim. P. 11(c)(1)(C) (permitting parties to agree to a specific sentence that is binding on the district court upon acceptance of the plea agreement), Pajardo was sentenced by the district court to 151 months' imprisonment. Finding no error, we affirm.

Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions the adequacy of the Fed. R. Crim. P. 11 hearing and the reasonableness of the sentence. Pajardo filed a pro se supplemental brief, alleging that the Government breached the plea agreement and that his counsel provided ineffective assistance. The Government elected not to file a responsive brief.

Initially, counsel questions whether the district court complied with the requirements of Rule 11. As Pajardo did not seek to withdraw his guilty plea in the district court or otherwise preserve any alleged Rule 11 error by timely objection, review by this court is for plain error. United

2

States v. Dominguez Benitez, 542 U.S. 74, 76 (2004); United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002). To establish plain error, the defendant must show that an error occurred, that the error was plain, and that the error affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (stating defendant bears burden of establishing each of the plain error requirements). We have reviewed the record and conclude that the district court committed no reversible error in the Rule 11 hearing.

Counsel also questions the reasonableness of the sentence imposed by the district court. Appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 591 (2007). After determining that Pajardo voluntarily assented to the specific sentence detailed in the supplemental plea agreement, the district court accepted the agreement. See Fed. R. Crim. P. 11(c)(3) (permitting court to either "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report"). The sentence imposed by the court comported with the terms of the agreement. Therefore, the court did not abuse its discretion in imposing the chosen sentence.

Next, Pajardo asserts that the Government breached the terms of the plea agreement by failing to move for an additional one-level reduction under U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1(b) (2005). "'It is well-established that the interpretation of plea agreements is rooted in contract law, and that each party should receive the benefit of its bargain.'" United States v. Bowe, 257 F.3d 336, 345 (4th Cir. 2001) (quoting United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994)). We review questions regarding the interpretation of plea agreements de novo and factual questions for clear error. United States v. Chase, 466 F.3d 310, 314 (4th Cir. 2006).

Pursuant to the terms of the original plea agreement, the Government stated that it would move for an additional one-level decrease under USSG § 3E1.1(b) "in recognition of [Pajardo's] timely notification of his intention to plead guilty." The presentence report awarded Pajardo the full three-level reduction available under § 3E1.1 in anticipation of the Government's motion. However, this provision was rendered moot when the district court accepted the negotiated 151-month sentence outlined in the supplemental plea agreement. Since Pajardo voluntarily entered into the supplemental plea agreement and was sentenced in accordance with its terms, he cannot establish that the Government breached the plea agreement.

4

Finally, Pajardo alleges that his trial counsel provided ineffective assistance by failing to object to the Government's alleged breach of the plea agreement. An ineffective assistance of counsel claim generally is not cognizable on direct appeal, but should instead be asserted in a post-conviction motion under 28 U.S.C.A. § 2255 (West Supp. 2009). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). We may address a claim of ineffective assistance on direct appeal only if counsel's ineffectiveness conclusively appears from the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). As previously discussed, the Government did not breach the terms of the plea agreement. Therefore, because the record does not conclusively establish that counsel was ineffective, the claim is not cognizable on direct appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state

5

that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED