**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4997**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH DIBRUNO, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:06-cr-00430-FDW-1)

Submitted: February 2, 2010      Decided: March 19, 2010

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dennis Gibson, LAW OFFICE OF DENNIS GIBSON, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina; Melissa Louise Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph DiBruno, Jr. ("DiBruno"), appeals his convictions and resulting 262-month sentence after pleading guilty to conspiracy to defraud the United States, 18 U.S.C. § 371 (2006), conspiracy to commit money laundering, 18 U.S.C.A. § 1956(h) (West 1999 & Supp. 2009), and concealment of assets, 18 U.S.C. § 152 (2006). DiBruno's counsel has filed an appeal under Anders v. California, 386 U.S. 738 (1967), raising the issues of ineffective assistance of counsel, Government breach of the plea agreement, and judicial bias at sentencing. The Government declined to file a brief. DiBruno has filed a pro se supplemental brief. Finding no error, we affirm.

First, counsel raises the issue that DiBruno's attorneys did not comply with his wishes and failed to inform him regarding the consequences of his actions, particularly the consequences of entering the guilty plea. An ineffective assistance of counsel claim generally is not cognizable on direct appeal, but should instead be asserted in a post-conviction motion to the district court under 28 U.S.C. § 2255 (2006). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). On direct appeal, this Court may address a claim of ineffective assistance only if counsel's ineffectiveness conclusively appears from the record. See, e.g., United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.

2

2006); Richardson, 195 F.3d at 198 (internal citation and quotation marks omitted).

In reviewing ineffective assistance claims arising from counseling a guilty plea, this court utilizes a modified deficient conduct and prejudice test. See Beck v. Angelone, 261 F.3d 377, 394 (4th Cir. 2001) (citing Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)). To prevail, the petitioner must demonstrate that his trial counsel's performance was objectively unreasonable and that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Beck, 261 F.3d at 394 (citing Hill, 474 U.S. at 59). Although DiBruno filed a motion to withdraw his guilty plea, DiBruno withdrew his motion prior to sentencing and his guilty plea was again entered. Because DiBruno's assertions fail to satisfy the prejudice prong of this test, we need not consider whether trial counsel's performance was objectively reasonable.

Next, DiBruno asserts that the Government "breached the Plea Agreement and engaged in other unspecified forms of prosecutorial misconduct." Appellant's Br. 14. Counsel concedes that these allegations are non-specific and his review of the record did not identify any prosecutorial misconduct. "'It is well-established that the interpretation of plea agreements is rooted in contract law, and that each party should

3

receive the benefit of its bargain.'" United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009) (quoting United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994)). This Court reviews de novo questions regarding the contractual interpretation of plea agreements, and it reviews for plain error unpreserved claims that the Government breached the plea agreement. United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009).

The Government moved to dismiss the remaining counts to which DiBruno did not plead guilty. The terms of the plea agreement specified that the parties would jointly recommend the amount of loss to be in excess of 2.5 million dollars, that the adjusted offense level was 35, and that the Government would move for a two-level reduction for acceptance of responsibility. The presentence report ("PSR") calculated the adjusted offense level to be 37. Compared to the plea agreement, this calculation included a new two-level enhancement for specific offense characteristics and a two-level greater enhancement for DiBruno's role in the offense; it also omitted the two-level vulnerable victim enhancement. Including a two-level reduction for acceptance of responsibility, the total offense level was 35. The recommended restitution amount was $3,808,487.

The Government objected to the PSR on the basis that it omitted the vulnerable victim enhancement under U.S. Sentencing Guidelines Manual § 3A1.1 (2007). The plea agreement

4

provided that the parties agreed that there should be a two-level increase under this section included in the adjusted offense level. Because the plea agreement provided for the enhancement, the Government neither breached the plea agreement nor engaged in prosecutorial misconduct by arguing that the vulnerable victim enhancement should be applied. The Government eventually withdrew its recommendation to apply a two-level reduction for acceptance of responsibility because, immediately prior to sentencing, DiBruno claimed he was innocent of the criminal conduct by filing a motion to withdraw his guilty plea. The plea agreement states that the Government would only recommend the reduction if "the defendant clearly demonstrates acceptance of responsibility for his offense, as well as all relevant conduct . . . ." The Government was not required to recommend the reduction if DiBruno failed to make a full disclosure to the probation officer, misrepresented facts to the Government prior to entering the plea, or committed any misconduct after entering into the plea. The court denied the Government's motion to strike the two offense-level reduction for acceptance of responsibility, but stated it was "a real close call." J.A. 579. At the same time, the court found that DiBruno did not strictly comply with the terms of the plea agreement governing acceptance of responsibility, thereby relieving the Government of its obligation to recommend a 210-

5

month sentence.  J.A. 580.  The court therefore found that the Government's failure to recommend a 210-month sentence did not breach the plea agreement.  J.A. 580.  This Court finds no merit in DiBruno's arguments that the district court improperly interpreted the plea agreement, that the Government breached the plea agreement, or that the Government engaged in prosecutorial misconduct.

Finally, counsel raises the issue of whether there was judicial bias at sentencing but ultimately concludes the claim has no merit.  A judge must recuse himself or herself where the party seeking recusal files a timely and sufficient affidavit stating the judge has a personal bias or prejudice either against the affiant or in favor of an adverse party, 28 U.S.C. § 144 (2006), or where his or her impartiality might reasonably be questioned.  28 U.S.C. § 455 (2006).  DiBruno did not file such a motion.[*]  DiBruno did not point to any evidence that the district court held an extra-judicial bias, nor has our review of the record revealed a bias.  Therefore, this argument is without merit.  See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a

---

[*] DiBruno's father, Joseph DiBruno, Sr., had moved for the court to recuse itself based on his belief that the court was personally involved in drafting his plea agreement.  See J.A. 142-43.  This motion was denied, id. at 143-44, and, in any event, cannot be attributed to DiBruno.

6

valid basis for a bias or partiality motion. . . . [T]hey . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required [to make fair judgment impossible] when no extrajudicial source is involved." (citation omitted)); Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984) ("Alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.").

DiBruno has filed a pro se supplemental brief raising three claims. First, he argues that his speedy trial rights under the Sixth Amendment and the Speedy Trial Act were violated. DiBruno's remaining two claims address ineffective assistance of counsel in regard to the voluntariness of his plea. He claims that his plea is involuntary because his second attorney lacked sufficient time to review his case before he recommended that DiBruno accept the plea agreement. DiBruno additionally claims that his plea is involuntary because his attorney told him that he would not have a chance of winning at trial before that particular district court judge. We have reviewed these claims and find them to be without merit.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm DiBruno's convictions and sentence. We

7

grant DiBruno's motions for an extension of time to file his pro se supplemental brief and to supplement his pro se brief and deny his motion for default judgment. This court requires that counsel inform DiBruno, in writing, of the right to petition the Supreme Court of the United States for further review. If DiBruno requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on DiBruno.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED