**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4427**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

IRVIN FIELDS,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:20-cr-00155-FL-1)

_____

Submitted:  October 18, 2022                          Decided:  August 17, 2023

_____

Before GREGORY, AGEE and QUATTLEBAUM, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Christopher S. Edwards, WARD & SMITH, PA, Wilmington, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irvin Fields challenges his sentence for a Hobbs Act robbery conviction. For the reasons that follow, we affirm in part and dismiss in part.

First, Fields argues that the Government breached his plea agreement by moving for a departure pursuant to U.S.S.G. § 4A1.3.[1] We "review a claim that a party has breached a plea agreement under a bifurcated standard, reviewing the district court's factual findings for clear error, while reviewing the district court's application of principles of contract interpretation *de novo.*" *United States v. Bowe*, 257 F.3d 336, 342 (4th Cir. 2001).

In relevant part, the plea agreement specified that Fields' criminal history category was VI. It said nothing about the Government's ability to move for a departure under U.S.S.G § 4A1.3.[2] *See United States v. Peglera*, 33 F.3d 412, 413 (4th Cir. 1994) ("[I]n enforcing plea agreements, the government is held only to those promises that it actually made to the defendant."); *United States v. Fentress*, 792 F.2d 461, 464 (4th Cir. 1986) ("[The Government] will not be bound to those [promises] it did not make.").

Moreover, the plea agreement included a merger clause indicating that it reflected the entirety of the parties' agreement and that no other agreements existed between them

---

[1] The Court can consider this argument in spite of the plea agreement's appellate-waiver provision because if the Government did breach the agreement, the waiver would not be enforceable. *See United States v. Bowe*, 257 F.3d 336, 342 (4th Cir. 2001).

[2] This provision provides that "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." U.S.S.G. § 4A1.3(a)(1).

with different terms. This Court has found no breach under similar circumstances. *See, e.g.*, *Fentress*, 792 F.2d at 464 (finding that the government did not violate a plea agreement because "[t]he government simply made no other guarantees about its conduct, as [the defendant] himself acknowledged when he agreed to the 'merger' clause of the plea bargain instrument").

Finally, not only did the agreement fail to mention the propriety of moving for a departure under § 4A1.3, but it also made clear that the Government was taking a position only on the sentencing factors listed in the agreement. U.S.S.G. § 4A1.3 was not listed; therefore, there was no designated position on it.

Consequently, the plea agreement did not restrict the Government from moving for an upward departure under § 4A1.3. Had Fields wanted to prevent the Government from moving for such a departure, he could have negotiated that provision. But he did not. *See Bowe*, 257 F.3d at 339 ("The plea agreement also provides that 'no departures will be sought by either party and all arguments are limited to recommendations regarding a sentence within the applicable range of the U.S. Sentencing Guidelines.'").

Second, Fields argues that the district court improperly denied him a Guidelines reduction for acceptance of responsibility. But this argument falls within the scope of the plea agreement's waiver provision. And Fields has not argued that the waiver is invalid. *See United States v. Cohen*, 459 F.3d 490, 494 (4th Cir. 2006) (explaining that we uphold a waiver of appellate rights if the waiver is valid and the issue appealed falls within its scope). Therefore, we conclude that Fields' acceptance-of-responsibility argument is waived and dismiss this portion of his appeal.

3

For these reasons, we affirm in part and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid in the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*