Rehearing granted, June 16, 2009

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4568**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

YOLANDA CRAWLEY,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   J. Frederick Motz, District Judge. (1:07-cr-00066-JFM-2)

Submitted:  December 24, 2008       Decided:  March 30, 2009

Before TRAXLER, DUNCAN, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Jack B. Rubin, Flynn M. Owens, RUBIN & OWENS, P.A., Baltimore, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Kwame J. Manley, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yolanda Crawley pled guilty to one count of wire fraud, 18 U.S.C.A. § 1343 (West Supp. 2008). The district court imposed a sentence of twenty-four months imprisonment and ordered Crawley to make restitution in the amount of $200,000. Crawley appeals the judgment, arguing that the government breached the plea agreement by not recommending a sentence at the low end of the advisory guideline range as it was obligated to do under the terms of the plea agreement. We agree that the government failed to fulfill its obligation under the plea agreement. We therefore vacate the sentence imposed by the district court and remand for resentencing before a different judge.

Crawley and the government stipulated that she had knowingly and willfully worked with her son, Sean Green, and two other people to submit mortgage applications and documents containing false information about her income and employment so as to obtain loans to buy two properties in Florida, one worth over $1 million, the other worth $500,000. The government stipulated that it would not oppose a two-level adjustment for acceptance of responsibility, U.S. Sentencing Guidelines Manual § 3E1.1 (2007), and that Crawley was eligible for an additional

2

one-level reduction under § 3E1.1.[1]  The government promised in Paragraph 13 of the agreement that it would "make a sentencing recommendation within the low end of the guideline range determined by the Court," but the agreement also provided that, if Crawley breached the agreement, the government would be released from its obligations under the agreement and free to recommend any sentence that it considered appropriate.

The plea agreement provided that Crawley would breach the agreement if she knowingly withheld information; gave false, incomplete or misleading testimony or information; falsely minimized the involvement of any person, including herself; "or failed to accept personal responsibility for her conduct by failing to acknowledge her guilt to the probation officer who prepares the Presentence Report."  When the presentence report was prepared, the probation officer recommended a two-level adjustment for acceptance of responsibility, stating that Crawley had admitted her involvement in the offense and accepted responsibility for her actions, and noting that the government had agreed to recommend an additional one-level reduction.  With

---

[1] The district court may give a two-level reduction in offense level if it determines that the defendant has accepted responsibility for her offense.  USSG § 3E1.1(a).  If the defendant qualifies for a reduction under subsection (a) and the government moves for an additional one-level reduction based on the defendant's timely notice of her intent to plead guilty, the district court should grant it.  USSG § 3E1.1(b).

the three-level adjustment under § 3E1.1, the recommended offense level was 14. Crawley was in criminal history category I. The recommended advisory guideline range was 15-21 months.

Before sentencing, and before Crawley filed her sentencing memorandum with the district court, the government filed a sentencing memorandum in which it agreed with the guideline calculation in the presentence report, but stated that it had given notice to Crawley that the district court might depart upward based on her criminal conduct. The government also noted that, "[t]he Court has expressed concern about the nature of these crimes and their facilitation of drug-related activities."[2] The government asserted that Crawley's son, Sean Green, was a drug dealer, and that Crawley believed he was a drug dealer when she committed the offense because "Crawley knew that Green had no legitimate income and enjoyed a high-end lifestyle of expensive homes, expensive cars, and hundred[s] of thousands of dollars in cash." The government alleged that Crawley "personally received over $240,000 in cash from an individual [Green] she believed was involved in drug dealing. She wired payments, wrote checks, and otherwise facilitated the

---

[2] The court expressed this concern when sentencing Crawley's co-defendants.

laundering of much of these funds." The government concluded with the following recommendation:

> In short, the Government believes that a significant sentence of jail time is appropriate. The Court has already expressed concerns as to why Crawley and others in this case were not charged in a drug conspiracy. As always, the Court can incorporate its evaluation of Crawley's criminal conduct in imposing an upward departure under the advisory guidelines and/or an upward variance under Section 3553 factors. The Government believes a significant term of incarceration is appropriate.

Crawley responded by asserting in her own written memorandum that she had no direct knowledge that Green was involved with drugs, and that she believed her son was proposing a legitimate business venture when he asked her to help him buy real estate using her good credit. She stated that she believed he had the money to make the mortgage payments legitimately. She denied that she had knowingly helped to launder drug proceeds.

On the day before sentencing, the government submitted a letter to the court disputing Crawley's assertions that she did not know Green was involved with drugs in connection with the mortgage fraud and that she believed he had enough legitimate income to make the mortgage payments. The government represented that, in her post-arrest interview with law enforcement officers, Crawley said she suspected that Green was dealing drugs, and explained why she did. The government stated

that it would not move for the additional one-level reduction for acceptance of responsibility, and gave notice that it would recommend a sentence of thirty months imprisonment.

At the sentencing hearing, the court noted that Crawley had not been charged with a drug crime, but expressed concern that she was denying any knowledge of her son's involvement with drug dealing, despite her statements to the agents after her arrest. The government asked for a sentence of thirty months, stating that it was released from its obligations under the plea agreement because Crawley had breached the agreement. The court determined that Crawley had not accepted responsibility and had tried to conceal the extent of her knowledge about the mortgage fraud. Nevertheless, the court gave Crawley the two-level adjustment for acceptance of responsibility recommended in the presentence report. Crawley's total offense level was thus 15 and her guideline range was 18-24 months. The court imposed a sentence of twenty-four months.

"It is settled that a defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). However, when the defendant fails to raise the issue in the district court, we review the issue for plain error. United

6

States v. McQueen, 108 F.3d 64, 65-66 & n.1 (4th Cir. 1997) (citing United States v. Fant, 974 F.2d 559, 565 (4th Cir. 1992)). The appellant must show not only that the plea agreement was breached, but also that "the breach was 'so obvious and substantial that failure to notice and correct it affect[ed] the fairness, integrity or public reputation of the judicial proceedings.'" McQueen, 108 F.3d at 66 & n.4 (quoting Fant, 974 F.2d at 565). Crawley did not assert in the district court that the government breached her plea agreement. Consequently, her claim is reviewed for plain error.

"When a plea agreement rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). As this court has stated, the interpretation of a plea agreement is rooted in contract law and each party should receive the benefit of its bargain. United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (citing United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993) (internal quotations omitted)). However, because a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement, this court analyzes a breach of that agreement with greater scrutiny than in a commercial contract. See McQueen, 108 F.3d at 66.

7

Here, it appears that the government first breached the plea agreement in its memorandum of April 1, 2008, when it advocated a "significant sentence of jail time," and suggested that the court might wish to depart upward, without mentioning that it had agreed to recommend a sentence at the low end of the guideline range. At sentencing, the government again failed to recommend a sentence at the low end of the guideline range as it had promised to do.

The government argues that Crawley breached the agreement by failing to accept responsibility and minimizing her role in the criminal scheme, thus releasing the government from its obligations under the agreement. However, the government cannot unilaterally declare itself released from its obligations under a plea agreement because the defendant has breached the agreement. Only after a hearing and a judicial determination that the defendant breached the agreement may the government be released from the promises it made. United States v. Guzman, 318 F.3d 1191, 1196 (10th Cir. 2003); United States v. Frazier, 213 F.3d 409, 419 (7th Cir. 2000); United States v. Simmons, 537 F.2d 1260, 1261-62 (4th Cir. 1976). The government filed its sentencing memorandum several weeks before Crawley filed her own memorandum, apparently in reaction to comments made by the judge in a related proceeding rather than anything Crawley had

8

done or said at that point.[3] The government never mentioned its obligation to recommend a sentence at the low end of the range, either in its written submissions to the court or at the sentencing hearing. While the government stated at sentencing that Crawley had breached the agreement, and the court appeared to accept this explanation for the government's sentence recommendation, the court made no determination that Crawley had in fact breached the agreement, the basis for the alleged breach, or when the breach might have occurred.

Although it is not clear that the district court would have imposed a different sentence if the government had kept its promise, Crawley did not receive the benefit of her bargain. Therefore, we are satisfied that she was prejudiced and that the government's breach constitutes plain error that should be addressed on appeal. "[A] government that lives up to its commitments is the essence of liberty under law, [and] the harm generated by allowing the government to forego its plea bargain

---

[3] Co-defendant David Lincoln's sentencing hearing began on March 20, 2008, and concluded on April 2, 2008. Co-defendant Rachel Donegan was sentenced on March 18, 2008. The government filed its sentencing memorandum in Crawley's case on April 1, 2008. Crawley filed her sentencing memorandum on April 23, 2008, and was sentenced on April 24, 2008. The government replied to her memorandum in a letter to the court filed April 24, 2008.

9

obligations is one which cannot be tolerated." <u>Peglera</u>, 33 F.3d at 414.

Accordingly, we vacate the judgment and remand the case for resentencing before a different judge. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>