ON REHEARING

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4568

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

YOLANDA CRAWLEY,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   J. Frederick Motz, District Judge. (1:07-cr-00066-JFM-2)

Argued:  November 2, 2009          Decided:  January 11, 2010

Before TRAXLER, Chief Judge, and DUNCAN and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Flynn Marcus Owens, Baltimore, Maryland, for Appellant. Kwame Jangha Manley, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.  **ON BRIEF:** Jack B. Rubin, RUBIN & OWENS, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

I.

Yolanda Crawley pled guilty to one count of wire fraud in violation of 18 U.S.C.A. § 1343 (West Supp. 2008). Crawley and the government stipulated in a plea agreement ("the Agreement") that she had knowingly and willfully worked with her son, Sean Green, and two other people to submit mortgage applications and documents containing false information about her income and employment so as to obtain loans to buy two properties in Florida. The Agreement further provided that the government "does not oppose a two-level reduction" for acceptance of responsibility pursuant to U.S. Sentencing Guidelines Manual § 3E1.1 (2007), and that Crawley was eligible for an additional one-level reduction under § 3E1.1(b).[1] J.A. 13.

The government promised in Paragraph 13 of the Agreement that it would "make a sentencing recommendation within the low end of the guideline range determined by the Court," but the Agreement also provided that, if Crawley breached its terms, the government would be released from its obligations under the

---

[1] The district court may give a two-level reduction in offense level if it determines that the defendant has accepted responsibility for her offense. USSG § 3E1.1(a). If the defendant qualifies for a reduction under subsection (a) and the government moves for an additional one-level reduction based on the defendant's timely notice of her intent to plead guilty, the district court should grant it. USSG § 3E1.1(b).

2

Agreement and would be free to recommend any sentence that it considered appropriate. The Agreement provided that Crawley would be in breach if she knowingly withheld information; gave false, incomplete or misleading testimony or information; falsely minimized the involvement of any person, including herself; "or failed to accept personal responsibility for her conduct by failing to acknowledge her guilt to the probation officer who prepares the Presentence Report." J.A. 15.

In the presentence report ("PSR"), the probation officer recommended a two-level adjustment for acceptance of responsibility, stating that Crawley had admitted her involvement in the offense and accepted responsibility for her actions, and noting that the government had agreed to recommend an additional one-level reduction. With the three-level adjustment under § 3E1.1, the recommended offense level was 14 and Crawley was in criminal history category I. The recommended advisory guideline range was thus 15-21 months.

Before sentencing, and before Crawley filed her sentencing memorandum with the district court, the government filed a sentencing memorandum in which it agreed with the guideline calculation in the PSR, but stated that it had given notice to Crawley that the district court might depart upward based on her criminal conduct. The government also noted that the district court "has expressed concerns about the nature of these crimes

3

and their facilitation of drug-related activities."[2]  J.A. 46. The government asserted that Crawley believed Green was a drug dealer when she committed the offense because "Crawley knew that Green had no legitimate income and enjoyed a high-end lifestyle of expensive homes, expensive cars, and hundred[s] of thousands of dollars in cash." J.A. 46.  The government alleged that Crawley "personally received over $240,000 in cash from an individual [Green] she believed was involved in drug dealing. She wired payments, wrote checks, and otherwise facilitated the laundering of much of these funds." J.A. 50.  The government concluded with the following recommendation:

> In short, the Government believes that a significant sentence of jail time is appropriate. The Court has already expressed concerns as to why Crawley and others in this case were not charged in a drug conspiracy. As always, the Court can incorporate its evaluation of Crawley's criminal conduct in imposing an upward departure under the advisory guidelines and/or an upward variance under Section 3553 factors. The Government believes a significant term of incarceration is appropriate.

J.A. 51-52.

Crawley responded by asserting in her own sentencing memorandum that she had no direct knowledge that Green was involved with drugs, and that she believed her son was proposing a legitimate business venture when he asked her to help him buy

---

[2] The district court apparently expressed these concerns when sentencing Crawley's co-defendants.

4

real estate using her good credit.  She stated that she believed he had the money to make the mortgage payments legitimately and denied that she had knowingly helped to launder drug proceeds.

The day before sentencing, the government submitted a letter to the court disputing Crawley's assertions that she did not know Green was involved with drugs in connection with the mortgage fraud and that she believed he had enough legitimate income to make the mortgage payments.  The government represented that, in her post-arrest interview with law enforcement officers, Crawley said she suspected that Green was dealing drugs, and explained why she harbored such suspicions. The government stated that it would not move for the additional one-level reduction for acceptance of responsibility and gave notice that it would recommend an above Guidelines sentence of thirty months imprisonment.

At the sentencing hearing, the district court noted that Crawley had not been charged with a drug crime, but expressed concern that she was denying any knowledge of her son's involvement with drug dealing, despite her statements to the agents after her arrest. The government asked for the thirty-month sentence, stating that it was released from its obligations under the Agreement because Crawley had breached its terms.  The district court determined that Crawley had not accepted responsibility and had tried to conceal the extent of

her knowledge about the mortgage fraud. Nevertheless, the court awarded Crawley the two-level adjustment for acceptance of responsibility recommended in the presentence report but, absent the government's request, did not award the one-level reduction pursuant to § 3E1.1. Crawley's total offense level was thus 15 with a guideline range of 18-24 months instead of the 15-21 months set out in the PSR. The district court imposed a sentence of twenty-four months and ordered restitution.

On appeal, Crawley argued for the first time that the government breached the Agreement by not recommending a sentence at the low end of the advisory guideline range as it was obligated to do under the terms of the Agreement. We agreed that the government failed to fulfill its obligation under the Agreement's terms, concluded that Crawley had shown prejudice under the plain error standard of review, vacated the sentence and remanded the case for resentencing before a different judge. United States v. Crawley, 321 F. App'x 310 (4th Cir. March 30, 2009) (No. 08-4568).

The government filed a timely petition for rehearing, not contesting our finding that it breached the Agreement, but contending that the breach itself might not constitute prejudice under Puckett v. United States, 129 S. Ct. 1423, 1432 (2009). Pursuant to Local Rule 41(d)(1) we stayed the mandate, granted the petition for rehearing and directed the parties to file

supplemental briefs addressing whether, in light of Puckett, "the government's breach of the plea agreement constitutes prejudice to the defendant." J.A. 39. We now conclude that Crawley has not made the necessary showing of prejudice.

II.

In Puckett, the defendant pled guilty pursuant to the terms of a plea agreement and, assuming he complied with its terms, the government agreed to request a three-level reduction for his acceptance of responsibility.[3] Id. at 1426-27. Between the time of the plea and his sentencing almost three years later, the defendant engaged in additional criminal conduct. Id. at 1427. Despite having filed a motion requesting the three-level reduction in offense level "a long time" prior to the sentencing hearing, the government made clear that it now opposed any such reduction. Id.

The district court stated that even if it possessed the discretion to grant the reduction in offense level, it would not do so. Id. Nonetheless, the district court adopted the government's recommendation pursuant to the plea agreement and sentenced the defendant at the low end of the applicable

---

[3] This three-level reduction included the one-level reduction pursuant to § 3E1.1.

7

advisory guidelines range as calculated, but without the benefit of the three-point reduction. Id. At no time did the defendant object that the government had violated its obligations by failing to request the three-level reduction or move to withdraw his plea. Id.

On appeal to the Fifth Circuit the government, as in this case, conceded it had breached the plea agreement but asserted that by failing to raise the issue in the district court the defendant had forfeited any such claim on appeal. Id. at 1427-28. Applying the plain error standard set forth in Rule 52, the Court of Appeals held that regardless of the government's breach, the defendant "had not satisfied the third prong of the plain-error analysis by demonstrating that the error affected his substantial rights, i.e., caused him prejudice." Id. at 1428.[4]

---

[4] In Olano the Supreme Court explained that

(Continued)

On appeal from the Fifth Circuit, the Supreme Court held that the plain-error test set forth in Rule 52(b) "applies to a forfeited claim . . . that the Government failed to meet its obligations under a plea agreement." Id. As part of its analysis the Supreme Court specifically rejected the defendant's assertion that the third prong of plain error review, the prejudice prong, did not apply because "plea-breach claims fall within 'a special category of forfeited errors that can be

> Rule 52(b) review-so-called "plain-error review"-involves four steps, or prongs. First, there must be an error or defect-some sort of "[d]eviation from a legal rule"-that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Id., at 732-733, 113 S.Ct. 1770. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. See id., at 734, 113 S.Ct. 1770. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it "affected the outcome of the district court proceedings." Ibid. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error-discretion which ought to be exercised only if the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id., at 736, 113 S.Ct. 1770 (quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)).

Puckett, 129 S. Ct. at 1429.

9

corrected regardless of their effect on the outcome.'" 129 S. Ct. at 1432 (quoting United States v. Olano, 507 U.S. 725, 735 (1993)). The Court saw "no need to relieve the defendant of his usual burden of showing prejudice" because doing so would nullify Olano's "instruction that a defendant normally 'must make a specific showing of prejudice' in order to obtain relief." Id. at 1433.

III.

Prior to granting rehearing, we held that "Crawley did not receive the benefit of her bargain. Therefore, we are satisfied that she was prejudiced and that the government's breach constitutes plain error that should be addressed on appeal." 321 F. App'x at 313-14. Despite Crawley's arguments to the contrary, Puckett dictates a different result.

The defendant in Puckett argued that "[w]hen the Government breaks a promise that was made to a defendant in the course of securing a guilty plea, the knowing and voluntary character of that plea retroactively vanishes, because (as it turns out) the defendant was not aware of its true consequences." Puckett, 129 S. Ct. at 1429. Accordingly, an appellate court "must always correct the error." Id. at 1430. The Supreme Court rejected this argument because "the Government's breach of a plea agreement [does not] retroactively cause[] the defendant's

10

agreement to have been unknowing or involuntary." Id. The Court went on to explain that

> [t]he defendant whose plea agreement has been broken by the Government will not always be able to show prejudice, either because he obtained the benefits contemplated by the deal anyway (e.g., the sentence that the prosecutor promised to request) or because he likely would not have obtained those benefits in any event (as is seemingly the case here).

Id. at 1432–433.

In Puckett, the Supreme Court plainly rejected the view that the government's breach of a plea agreement constitutes de facto prejudice. "[T]he question with regard to prejudice is not whether [the defendant] would have entered the plea had he known about the future violation. When the rights acquired by the defendant relate to sentencing, the "'outcome'" he must show to have been affected is his sentence." Id. at 1433 n.4 (2009). Therefore, our previous conclusion that Crawley satisfied the prejudice prong merely because she "did not receive the benefit of her bargain" was incorrect. See id. ("It is true enough that when the Government reneges on a plea deal, the integrity of the system may be called into question, but there may well be countervailing factors in particular cases."); United States v. Massenburg, 564 F.3d 337, 344 (4th Cir. 2009) ("It is rare that an error is presumed prejudicial under the plain error standard of review."). As Crawley acknowledges, she must "demonstrate

11

that the Government's breach affected the outcome of the sentence she received." Supp. Brief of Appellant at 9.

Crawley asserts that the facts in Puckett are "in stark contrast" to her case in that Puckett involved continued criminal activity by the defendant after his plea. Such action precluded a finding of prejudice because "the District Court likely would have declined to grant the reduction in any event," even if the government had not breached its agreement. Supp. Brief of Appellant at 8; see Puckett, 129 S. Ct. at 1433 ("Given that [the defendant] obviously did not cease his life of crime, receipt of a sentencing reduction for acceptance of responsibility would have been so ludicrous as itself to compromise the public reputation of judicial proceedings."). Crawley argues that because she did not "perpetrate[]. . . such outrageous conduct pending disposition," the district court might have imposed a reduced sentence if the Government had so moved. Supp. Brief of Appellant at 8-9. The district court's own statements, however, clearly indicate otherwise.

During the sentencing hearing the district court told Crawley that "if for some reason somebody should say that I should have given the extra point, I would have sentenced you above the [sentencing] guidelines." J.A. 99. This statement plainly indicates that the government's failure to seek the

additional one-point reduction pursuant to § 3E1.1(b), although a breach of the plea agreement, did not prejudice <u>Crawley</u>.[5]

In short, it is Crawley's burden to "make a specific showing of prejudice." <u>Olano</u>, 507 U.S. at 735. She "must show that an error occurred, that the error was plain, and that it affected [her] substantial rights." <u>United States v. Jeffers</u>, 570 F.3d 557, 569 (4th Cir. 2009) (citing <u>Olano</u>, 507 U.S. at 732); <u>Massenburg</u>, 564 F.3d at 342-43 (stating that defendant bears burden of establishing each of the plain error requirements). Crawley has not met this burden and is not entitled to relief.

IV.

For the foregoing reasons we affirm Crawley's sentence as imposed by the district court.

<u>AFFIRMED</u>

---

[5] Crawley also argues that "the Government would hold [her] to the insurmountable task of proving that her sentence <u>would have</u> been different but for its breach." Supp. Brief of Appellant at 9 (emphasis added). Citing <u>Massenburg</u>, Crawley asserts that she only needs to "show a reasonable probability that her sentence would have been different but for the breach." <u>Id.</u> at 10. In light of the district court's explicit statement however, Crawley cannot show prejudice under either standard.