**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4973**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

OMAR GUERRA, a/k/a Potato,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Margaret B. Seymour, District
Judge.  (3:07-cr-00600-MBS-4)

Submitted:  October 21, 2010       Decided:  November 10, 2010

Before WILKINSON, KING, and DAVIS, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

James A. Brown, Jr., LAW OFFICES OF JAMES A. BROWN, JR., PA,
Beaufort, South Carolina, for Appellant.   Mark C. Moore,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Guerra pled guilty, pursuant to a plea agreement, to conspiracy to possess with the intent to distribute and to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2006). Prior to sentencing, Guerra filed several pro se motions to withdraw his guilty plea, which the district court denied. The court sentenced Guerra to 360 months' imprisonment. On appeal, Guerra's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he examines whether the district court erred in denying Guerra's motions to withdraw his guilty plea and concludes that there are no meritorious issues for appeal. The Government has moved to dismiss Guerra's appeal as barred by the appellate waiver clause in his plea agreement. Neither Guerra nor his counsel has challenged directly the substance of the Government's motion; however, Guerra has filed a pro se brief, in which he maintains that his plea was not knowing and voluntary and that the Government breached the plea agreement. We affirm in part and dismiss in part.

Guerra argues that the Government breached the terms of his plea agreement by failing to move for a downward departure based on his substantial assistance. Although a breach of a plea agreement by the Government can invalidate an appellate waiver, see generally Santobello v. New York, 404 U.S.

2

257, 262 (1971), "no party is obligated to provide more than is specified in the agreement itself." United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (citations omitted). In other words, "the government is held only to those promises that it actually made." Id. Our review of the record leads us to conclude that the Government did not breach either the spirit or the letter of its bargain with Guerra. See id.

Turning to the validity of the plea and the appellate waiver, counsel identifies no error in the plea colloquy, but Guerra asserts in his pro se supplemental brief that he did not knowingly and voluntarily enter his guilty plea. Because Guerra moved in the district court to withdraw his guilty plea on this ground, "we review the voluntariness of a guilty plea de novo." United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). Our review of the record reveals that the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Guerra's guilty plea.

Guerra asserts, however, that his plea was not voluntary because a federal agent told him he would suffer consequences if he did not sign the plea agreement offered by the Government. We conclude that Guerra's self-serving statements, even if accurate, do not rise to the level of clear and convincing proof that his plea was induced by coercion or intimidation. See Fields v. Att'y Gen., 956 F.2d 1290, 1299

3

(4th Cir. 1992).  Moreover, the district court properly ensured that Guerra's guilty plea was knowing and voluntary and supported by a sufficient factual basis.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Having concluded that Guerra voluntarily entered his guilty plea, we next must address the Government's assertion that he validly waived the right to appeal his conviction and sentence.  This court reviews the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).  A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary.  United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991).  To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement."  General, 278 F.3d at 400 (internal quotation marks omitted).

Neither Guerra nor his attorney alleges that the district court committed any error at Guerra's plea colloquy. Guerra, however, asserts in his pro se brief that his plea and

4

waiver were involuntary. As discussed above, Guerra's claim that the agent impermissibly coerced him is belied by the record.

With regard to whether the district court adequately questioned Guerra about the waiver provision, "a waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision . . . during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). In light of the totality of the circumstances, we hold that Guerra validly waived the right to appeal his sentence. Because any sentencing issues that may be revealed pursuant to our review under Anders are barred, we grant the Government's motion to dismiss in part and dismiss Guerra's appeal to the extent it relates to his sentence.

Turning to the validity of Guerra's waiver of the right to appeal his conviction or to raise claims of ineffective assistance of counsel or prosecutorial misconduct on direct appeal, we hold that the written waiver should not be enforced. In its summary of the plea agreement, the Government did not mention Guerra's waiver of the right to appeal his conviction and, in fact, misstated that the exception to the waiver provision for claims of ineffective assistance of counsel and

prosecutorial misconduct applied only to post-conviction actions. We therefore deny the Government's motion to dismiss in part and address Guerra's claims that the district court erred in denying his motions to withdraw his guilty plea and that his attorney was ineffective.

As to Guerra's counsel's argument that the district court erred by denying Guerra's motions to withdraw his guilty plea, we initially note that withdrawal of a guilty plea is not a matter of right. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Courts consider six factors in determining whether to permit the withdrawal of a guilty plea. See Ubakanma, 215 F.3d at 424 (discussing factors). For ineffective assistance of counsel to constitute a fair and just reason to withdraw a guilty plea, it must be of constitutional magnitude. Lambey, 974 F.2d at 1394; see United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007) (setting forth standard for withdrawal of plea based upon ineffective assistance of counsel). With these standards in mind, we conclude that Guerra failed to demonstrate

6

ineffective assistance sufficient to warrant withdrawal of his plea and hold that the district court did not abuse its discretion by denying Guerra's motions to withdraw his guilty plea. See Dyess, 478 F.3d at 237 (stating standard of review).

Finally, in his pro se brief, Guerra argues that his trial counsel was ineffective simply because he allowed Guerra to plead guilty in the first place. To the extent this claim is unrelated to the motion to withdraw, we cannot take cognizance of it on direct appeal because neither counsel's error nor prejudice to Guerra are conclusively apparent on the record. See United States v. Baldovinos, 434 F.3d 223, 239 (4th Cir. 2006) (providing standard).

Pursuant to Anders, we have reviewed the record for any other meritorious claims that might fall outside the scope of the enforceable portion of Guerra's appellate waiver and have found none. Accord United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (discussing grounds for appeal not covered by plea bargain appellate waivers). Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal of Guerra's sentence, and we deny the Government's motion to dismiss in part and affirm the conviction.

This court requires that counsel inform Guerra, in writing, of his right to petition the Supreme Court of the United States for further review. If Guerra requests that a

7

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Guerra.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART