**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4669**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

KEVIN CARLTON,

             Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:09-cr-00444-RWT-3)

Submitted: December 7, 2010      Decided: January 4, 2011

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven H. Levin, Baltimore, Maryland, for Appellant. Barbara Suzanne Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Leroy Carlton appeals the fifty-two-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006). Counsel for Carlton filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether: (1) Carlton's guilty plea was valid under Federal Rule of Criminal Procedure 11 ("Rule 11"); and (2) the court imposed an unreasonable sentence. Carlton filed a pro se supplemental brief, arguing that (1) the Government breached the plea agreement; and (2) he received ineffective assistance of counsel because he was not advised that he could withdraw his guilty plea.

Because Carlton did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, the colloquy is reviewed for plain error. United States v. General, 278 F.3d 389, 393 (4th Cir. 2002); United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are

affected if the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also Martinez, 277 F.3d at 532 (holding that a defendant must demonstrate that he would not have pled guilty but for the error).

Counsel challenges the adequacy of the Rule 11 proceeding but does not specify any deficiencies. A review of the record reveals that the district court complied with the requirements of Rule 11, ensuring that Carlton's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offenses to which he pled guilty. Therefore, we hold that Carlton's guilty plea was knowing and voluntary.

Next, counsel challenges the reasonableness of Carlton's sentence. We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 45 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from [18 U.S.C.] § 3553 [2006] for a sentence

3

different than the one ultimately imposed"). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines." Gall, 552 U.S. at 51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'"

United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

We conclude that the sentence imposed by the district court was both procedurally and substantively reasonable. The district court used the correct Guidelines range and understood that it was advisory. It imposed a within-Guidelines sentence, see U.S. Sentencing Guidelines Manual ("USSG") ch. 5, pt. A (sentencing table) (2009), considered both parties' arguments and the § 3553(a) factors, and provided a clear explanation for its decision. Counsel questions the court's deviation from the terms of the plea agreement[*] but correctly concludes that the court did not err when it enhanced Carlton's offense level by three levels. The district court was not bound by the Government's recommendation of a certain sentence or sentencing range in the plea agreement. Fed. R. Crim. P. 11(c)(1)(B). Accordingly, we hold that the sentence imposed by the district court was reasonable.

In his pro se supplemental brief, Carlton argues that the Government breached the plea agreement because he agreed to a sentence of thirty-three to forty-one months' imprisonment but

---

[*] In the plea agreement, the Government mistakenly suggested that Carlton was subject to a two-level enhancement pursuant to USSG § 3C1.2, rather than the appropriate three-level enhancement pursuant to USSG § 3C1.3.

received a fifty-two month sentence. (Pro Se Br. at 1). Although a breach of a plea agreement by the government can invalidate an appellate waiver, see generally Santobello v. New York, 404 U.S. 257, 262 (1971) (stating that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, . . . such promise must be fulfilled"), "no party is obligated to provide more than is specified in the agreement itself." United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (citations omitted). In other words, "the government is held only to those promises that it actually made." Id.

We hold that the Government did not breach the plea agreement. Carlton's plea agreement did not contain a promise that Carlton would be sentenced within the thirty-three to forty-one month range. The signed agreement specifically states that the district court is not bound by the agreement's sentencing recommendation and has the authority to impose a sentence up to the ten-year statutory maximum. Furthermore, the Government requested a sentence at the low end of the plea agreement's incorrect calculation. Thus, the Government did not breach the plea agreement.

Finally, Carlton claims that counsel rendered ineffective assistance by failing to inform him that he could withdraw his guilty plea at sentencing. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless

6

the record conclusively establishes that counsel provided ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because there is no evidence in the record that counsel was ineffective, we hold that Carlton's claim is not ripe for review in this appeal; rather, it must be asserted, should Carlton wish to do so, in an appropriate motion for post-conviction relief.

In accordance with Anders, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Carlton, in writing, of the right to petition the Supreme Court of the United States for further review. If Carlton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carlton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED