**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5228**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DWAYNE MITCHELL LITTLEJOHN, a/k/a Manson,

                    Defendant - Appellant.

**No. 10-4013**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DANIEL LEE REED, a/k/a Heavy D,

                    Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Bryson City.   Martin K. Reidinger, District Judge.   (2:08-cr-00036-MR-DLH-2; 2:08-cr-00036-MR-3)

Submitted: March 10, 2011          Decided: April 11, 2011

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

---

Claire J. Rauscher, Executive Director, Matthew R. Segal, Fredilyn Sison, Assistant Federal Defenders, Asheville, North Carolina; Eric A. Bach, LAW OFFICES OF ERIC A. BACH, Charlotte, North Carolina, for Appellants. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Mitchell Littlejohn and Daniel Lee Reed contest the restitution amount imposed pursuant to the Mandatory Victims Restitution Act as part of their sentences. Littlejohn pleaded guilty to second degree murder and aiding and abetting second degree murder, in violation of 18 U.S.C. §§ 2, 1111, 1153 (2006). Reed pleaded guilty to voluntary manslaughter and aiding and abetting voluntary manslaughter, in violation of 18 U.S.C. §§ 2, 1112, 1153 (2006). Littlejohn's plea agreement provided that the Government would recommend a sentence at the low end of the Sentencing Guidelines range. Littlejohn argues that the Government breached the plea agreement when it discussed its position on the facts of the murder at sentencing and that the breach relieves him of the waiver of his right to appeal his sentence. Both defendants contest the district court's calculation of future lost wages as part of the restitution portion of their sentences.

A defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Where a party raised the issue of whether the plea agreement was breached in the district court, this court reviews the district court's factual findings for clear error and its principles of contract interpretation de

3

novo. United States v. Bowe, 257 F.3d 336, 342 (4th Cir. 2001) (citing Snow, 234 F.3d at 189). Where, however, a party failed to raise the issue of whether the plea agreement was breached in the district court, this court reviews the issue for plain error. United States v. McQueen, 108 F.3d 64, 65-66 & n.1 (4th Cir. 1997) (citing United States v. Fant, 974 F.2d 559, 565 (4th Cir. 1992)). Thus, the appellant must not only show that the plea agreement was breached, but also that "the breach was 'so obvious and substantial that failure to notice and correct it affect[ed] the fairness, integrity or public reputation of the judicial proceedings.'" McQueen, 108 F.3d at 66 & n.4 (quoting Fant, 974 F.2d at 565).

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). "It is well-established that the interpretation of plea agreements is rooted in contract law, and that 'each party should receive the benefit of its bargain.'" United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994) (quoting United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993)). "A central tenet of contract law is that no party is obligated to provide more than is specified in the agreement itself." Peglera, 33 F.3d at 413. "Accordingly, in enforcing plea

agreements, the government is held only to those promises that it actually made," and "the government's duty in carrying out its obligations under a plea agreement is no greater than that of 'fidelity to the agreement.'" Id. (quoting United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986)); see also United States v. Benchimol, 471 U.S. 453, 456 (1985) (holding "it was error for the Court of Appeals to imply as a matter of law a term which the parties themselves did not agree upon" by requiring recommendation to be made "enthusiastically").

Littlejohn has failed to establish that the Government breached its plea agreement. Under the agreement, the Government was obligated to recommend a sentence at the low end of the Sentencing Guidelines range. We conclude that the Government satisfied its obligation to recommend a sentence at the low end of the Guidelines range. The Government clearly stated twice that it was recommending a sentence at the low end of the range. Although the Government explained its position on why the Government extended a plea to Littlejohn for second degree murder, it did not follow with a sentencing recommendation of anything other than the low end of the Guidelines range. Moreover, Littlejohn cannot show that the district court would have imposed a lower sentence if the Government had not revealed that it believed that the murder was premeditated by at least one of the three co-defendants but

5

that, because the evidence against any of the Defendants was weak, it agreed to Littlejohn's guilty plea to second degree murder with the concession that it would also recommend a sentence at the low end of the Guidelines range.

Despite the waiver of appellate rights in their plea agreements, Littlejohn and Reed challenge the restitution portion of their sentence on appeal. Although restitution allows a victim to recover losses that may otherwise be remedied through a civil action, it remains an aspect of a criminal defendant's sentence. See United States v. Cohen, 459 F.3d 490, 496 (4th Cir. 2006). Therefore, a defendant who knowingly and explicitly agrees to a waiver of all rights to appeal his or her sentence has generally waived the right to appeal restitution. Id. at 1143, 1147 (4th Cir. 1995).

However, an otherwise valid waiver does not necessarily bar appellate review of every sentence. See United States v. Broughton-Jones, 71 F.3d 1143, 1147 (4th Cir. 1995).

> A defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court. For example, a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race.

Id. (emphasis omitted; internal quotation marks and alteration omitted). Federal courts have no inherent authority to order restitution, but must rely on a statutory source. See Cohen,

6

459 F.3d at 498. Thus, because a restitution order exceeding the authority statutorily granted a court "is no less illegal than a sentence of imprisonment that exceeds the statutory maximum, appeals challenging the legality of restitution orders are similarly outside the scope of a defendant's otherwise valid appeal waiver." Id. (internal quotation marks omitted).

Appellants contend that the district court's order of restitution for lost future wages is based upon speculation and devoid of factual support. Therefore, they argue that the court erred in awarding this type of restitution. As this issue does not concern the authority of the court to impose restitution, and Appellants acknowledge the existence of such authority by not challenging the future per capita distributions, the appeal of this issue is within the scope of Appellants' waivers of appeal. Appellants challenge the calculation and amount of lost future income imposed; they do not, however, contend that their appeal waivers were anything other than knowingly and voluntarily entered. Further, it is apparent from the record that the district court fully questioned each appellant at his respective Fed. R. Crim. P. 11 hearing.

Because Appellants' waivers of appeal were validly entered and enforceable, and the Government did not breach Littlejohn's plea agreement, we conclude that the restitution issue they seek to raise on appeal is barred by the appeal

7

waivers contained in Appellants' respective plea agreements. Accordingly, we dismiss the appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
