**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5035**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

WILLIAM ISAAC SMALLS,

    Defendant - Appellant.

**No. 10-5043**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

WILLIAM ISAAC SMALLS,

    Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:10-cr-00008-MR-1; 1:96-cr-00075-MR-DLH-1)

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILLIAM ISAAC SMALLS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Shelby.  Martin K. Reidinger, District Judge.  (4:97-cr-00115-MR-DLH-1)

Submitted:  May 27, 2011                    Decided:  June 3, 2011

Before GREGORY and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Isaac Smalls pled guilty, pursuant to a written plea agreement, to bank robbery, in violation of 18 U.S.C. § 2113(a) (2006), and using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Smalls committed these offenses in 2009 while he was on supervised release. Smalls also admitted to violating the terms of his supervised release. The district court sentenced Smalls to a total of 262 months' imprisonment, the bottom of the applicable Guidelines range, and ordered him to pay $4000 in restitution. Additionally, the court imposed a concurrent twenty-four-month sentence on the supervised release violations. Finding no error, we affirm.

Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions the adequacy of the Fed. R. Crim. P. 11 hearing. Counsel certified that he served a copy of the Anders brief on Smalls, and the clerk's office notified Smalls of his right to file a pro se supplemental brief. Smalls did not file a timely pro se supplemental brief, but has instead moved to strike counsel's brief and asserts that his counsel provided ineffective assistance and that the Government breached the plea agreement. The Government elected not to file a responsive brief.

3

Counsel questions whether the district court complied with the requirements of Rule 11 but points to no specific error by the court. As Smalls did not seek to withdraw his guilty plea in the district court or otherwise preserve any alleged Rule 11 error by timely objection, review by this court is for plain error. United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004); United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002). To establish plain error, the defendant must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (stating defendant bears burden of establishing each of the plain error requirements). We have reviewed the record and conclude that the district court committed no reversible error in its conduct of the Rule 11 hearing.

In his motions to strike, Smalls contends that his counsel provided ineffective assistance by failing to afford him the opportunity to challenge the brief filed by counsel. An ineffective assistance of counsel claim generally is not cognizable on direct appeal, but should instead be asserted in a post-conviction motion under 28 U.S.C.A. § 2255 (West Supp. 2010). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). This court "may address [a claim of ineffective

4

assistance] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because our docket shows that counsel served a copy of the Anders brief on Smalls, and the clerk's office notified Smalls of his right to file a pro se supplemental brief, the record does not conclusively establish that counsel was ineffective. Therefore, Smalls' ineffective assistance of counsel claim is not cognizable on direct appeal.

Smalls also alleges that the Government breached the terms of the plea agreement by advocating for application of the career offender Guideline provision. "'It is well-established that the interpretation of plea agreements is rooted in contract law, and that each party should receive the benefit of its bargain.'" United States v. Bowe, 257 F.3d 336, 345 (4th Cir. 2001) (quoting United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994)). We review questions regarding the interpretation of plea agreements de novo and factual questions for clear error. United States v. Chase, 466 F.3d 310, 314 (4th Cir. 2006). We have reviewed the record and conclude that the Government did not breach the plea agreement.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgments of the district

5

court.  We deny Smalls' motions to strike.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED